UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD LOMBARDI-TORRES,

                    Petitioner,

   v.

CRAIG A. LOWE, et al.,

                    Respondents.

CIVIL ACTION NO. 3:26-CV-01323

(MEHALCHICK, J.)

**MEMORANDUM**

Petitioner, Ronald Lombardi-Torres ("Lombardi-Torres") brings this petition for writ of habeas corpus. (Doc. 1). On May 15, 2026, Lombardi-Torres filed the instant petition, requesting that Respondents Craig A. Lowe, John E. Rife, Markwayne Mullin, and Todd Blanche[1] release him from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania or provide him with a bond hearing. (Doc. 1, at 24). On May 26, 2026, Lowe filed a response to Lombardi-Torres's petition. (Doc. 4). On June 1, 2026 Lombardi-Torres

---

[1] Pursuant to the "immediate custodian rule," the only proper Respondent in this case is Craig A. Lowe ("Lowe"), Warden of Pike County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Lombardi-Torres is detained at the Pike County Correctional Facility, Lowe is the proper Respondent. (Doc. 1, at 2); *see Rumsfeld*, 542 U.S. at 434. As such, all John E. Rife, Markwayne Mullin, and Todd Blanche are **DISMISSED**. However, the government will be bound by the Court's judgment because Lowe is acting as an agent of the federal government by detaining Lombardi-Torres on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

filed a timely traverse. (Doc. 6). For the following reasons, Lombardi-Torres's petition (Doc. 1) is **GRANTED**, and Lowe is **ORDERED** to release Lombardi-Torres from custody.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Lombardi-Torres's petition, Lowe's response, and the exhibits thereto. (Doc. 1; Doc. 4). Lombardi-Torres is a citizen of Peru, who first entered the United States with his wife and two children on or about February 23, 2022. (Doc. 1, at 5). After Lombardi-Torres entered the United States, immigration authorities briefly detained him, issued a notice to appear, and released him on an order of recognizance. (Doc. 1, at 5). On October 11, 2022, Lombardi-Torres filed an application for asylum and withholding of removal. (Doc. 4, at 5). On June 5, 2023, an immigration judge dismissed Lombardi-Torres's removal proceedings after Lombardi-Torres's United States citizen father filed a Form I-130 petition for an alien relative on Lombardi-Torres's behalf. (Doc. 1, at 6).

ICE placed Lombardi-Torres in an intensive supervision appearance program ("ISAP"). (Doc. 1, at 5). Lombardi-Torres has complied with the ISAP, appearing at all scheduled check-ins. (Doc. 1, at 5). While living in the United States, Lombardi-Torres has maintained stable employment at Action Staffing Agency, and he has been the primary financial provider for his family. (Doc. 1, at 6). Lombardi-Torres has no criminal history. (Doc. 1, at 6).

On or around April 21, 2026, Lombardi-Torres was pulled over by three unmarked cars, while driving with his father-in-law and friend. (Doc. 1, at 6). The unmarked cars were driven by ICE agents, who identified themselves and instructed Lombardi-Torres to get out of his car before they handcuffed and detained him. (Doc. 1, at 6). The government provides

that on April 21, 2026, ICE agents arrested Lombardi-Torres pursuant to a warrant during a targeted enforcement operation. (Doc. 4, at 5). The ICE agents brought Lombardi-Torres to the Delany Hall Detention Center for processing and then transferred Lombardi-Torres to the Pike County Correctional Facility, where he remains detained. (Doc. 1, at 6). The ICE agents re-issued Lombardi-Torres a notice to appear and placed him back in removal proceedings. (Doc. 1, at 6). Since the April 21, 2026 arrest, Lombardi-Torres has been in ICE custody without opportunity for bond for over one month. (Doc. 1, at 6).

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa.

2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Alexey Kashranov v. J.L. Jamison, et al.*, No. 2:25-CV-05555, 2025 WL 3188399 at *8 (E.D. Pa. Nov. 14, 2025) (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

### III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is detained pursuant to the appropriate statute, 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a), and is entitled to a bond hearing are "now

or never" legal questions that remain in the jurisdiction of district courts. *See Kahlil*, 164 F.4th at 274-77; *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). A determination of whether § 1225(b) or § 1226(a) applies to a petitioner also determines whether that petitioner is entitled to a bond hearing. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 126 (BIA 2025) (holding immigration judges lack authority to hear bond requests for noncitizens detained under § 1225(b)); *see Kashranov*, 2025 WL 3188399 at *5 (citing § 1226(a)) (finding § 1226(a) allows for detainees to be released on conditional parole or bond). Such claims do not arise from removal proceedings, they arise "now." If left to be raised on a PFR, the petitioner will never get the opportunity for an immigration judge to determine their eligibility for bond during removal proceedings. *See Kahlil*, 164 F.4th at 274-77 ("when [noncitizens] raise claims that courts cannot 'meaningfully' review through the PFR process, those claims do not 'aris[e] from' the 'action[s] taken' or 'proceeding[s] brought' to remove them"). Thus, the Court retains jurisdiction over Lombardi-Torres's habeas petition because the legal questions of whether § 1225(b) or § 1226(a) applies to Lombardi-Torres and whether Lombardi-Torres is entitled to a bond hearing are wholly collateral to his removal proceedings and cannot be meaningfully reviewed on a PFR. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79.

## IV.   DISCUSSION

Lombardi-Torres contends that his prolonged mandatory detention is in violation of the INA, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure

5

Act.[2] (Doc. 1, at 19-23). Lombardi-Torres avers that he is entitled to release or an individualized bond determination, at which the government bears the burden to show that Lombardi-Torres is a flight risk or danger to the public. (Doc. 1, at 24). Lowe counters that Lombardi-Torres is properly detained without an opportunity for bond under 8 U.S.C. § 1225(b)(2)(A) because he is present in the United States without having been lawfully admitted. (Doc. 4, at 17). Lowe also contends that Lombardi-Torres's detention under 8 U.S.C. § 1225(b)(2)(A) does not violate the Due Process Clause of the Fifth Amendment because Lombardi-Torres, a noncitizen without admission, is limited to the due process rights provided by the INA. (Doc. 4, at 16). The Court will first address whether Lombardi-Torres was properly detained under § 1225(b)(2)(A). The Court will then address whether Lombardi-Torres's detention violates due process.

A. LOWE IMPROPERLY DETAINED LOMBARDI-TORRES UNDER 8 U.S.C. 1225(B)(2)(A).

Lowe improperly detained Lombardi-Torres under 8 U.S.C. § 1225(b)(2)(A), when Lowe should have detained Lombardi-Torres under 8 U.S.C. § 1226(a). Lombardi-Torres avers that his mandatory detention is violates the INA because, as a noncitizen who previously entered the country and has been living in the United States for over four years, Lombardi-Torres should be detained under § 1226(a) and entitled to a bond hearing. (Doc. 1, at 20). Lowe counters that Lombardi-Torres falls squarely under § 1225(b)(2)(A), which

---

[2] As the Court grants the petition on the basis that Lombardi-Torres's detention is unlawful under the INA and violates his procedural due process rights, the Court declines to consider Lombardi-Torres's Administrative Procedure Act or substantive due process claims at this time. *See Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 n. 6 (D.N.J. Oct. 22, 2025); *see Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *5 (E.D. Pa. Nov. 18, 2025); *see Kashranov*, 2025 WL 3188399, at *8; *see also Ramirez v. Jamison*, No. 2:25-cv-7346, 2026 WL 196474, at *19 (E.D. Pa. Jan. 26, 2026).

mandates the detention of noncitizens who are present in the United States without lawful admission. (Doc. 7, at 20).

The INA is a comprehensive statute regulating immigration, which Congress has repeatedly reworked since its enactment in 1952. *Kashranov*, 2025 WL 3188399, at *1. Before 1996, the INA provided that noncitizens who presented themselves at ports of entry were subject to mandatory detention during exclusion proceedings, while noncitizens who evaded inspection by entering elsewhere were afforded the opportunity to obtain release during deportation proceedings. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 222-223 (BIA 2025) (citing 8 U.S.C. §§ 1225(a); 1251 (1994)). In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") amended the INA to include § 1225 and § 1226, in part, to end the preferential treatment of noncitizens who evaded inspection when entering the United States. OMNIBUS CONSOLIDATED APPROPRIATIONS ACT, 1997, PL 104–208, September 30, 1996, 110 Stat 3009; H.R. Rep. No. 104-469, at 225 (1996); *see Hurtado*, 29 I. & N. Dec. at 223. With the IIRIRA, Congress eliminated separate exclusion and deportation hearings and combined them into a single removal proceeding, regardless of where the noncitizen entered the United States. 8 U.S.C. § 1229a. Since 1996, only noncitizens who are admitted are subject to deportation, while noncitizens who have never been formally admitted are deemed inadmissible. 8 U.S.C. § 1182(a).

Section 1225(b)(2)(A) of the INA provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained [pending removal hearings]." Pursuant to this provision, noncitizens are subject to mandatory detention while their removal proceedings are pending, but they may be released "for urgent

7

humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (citing § 1182(d)(5)(A)); *Kashranov*, 2025 WL 3188399, at *1. To trigger § 1225(b)(2)(A), an examining immigration officer must determine that an individual is (1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted. *Martinez v. Hyde*, 792 F. Supp. 3d, 211, 214 (D. Mass. July 24, 2025), *Kashranov,* 2025 WL 3188399, at *6. Section 1225(b)(2)(A) applies only to a noncitizen who is both an "applicant for admission" and "seeking admission." *Kashranov*, 2025 WL 3188399, at *6; *Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases).

The INA defines an applicant for admission as a noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." § 1225(a)(1); *Jennings*, 583 U.S. at 286. The phrase "alien seeking admission" is not defined in § 1225, so the Court must construe the phrase based upon its ordinary meaning and statutory context. *See Kashranov*, 2025 WL 3188399, at *6; *see also J.A.M. v. Streeval*, No. 4:25-cv-34 2 (DCL), 2025 WL 3050094, at *5 (M.D. Ga. Nov. 1, 2025). District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov*, 2025 WL 3188399, at *6; *Del Cid v. Bondi*, No 3:25-cv-00304, 2025 WL 2985150, at *16 n. 7 (W.D. Pa. Oct. 23, 2025); *J.A.M.*, 2025 WL 3050094, at *3; *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *6 (N.D. Ill. Oct. 16, 2025); *see Cantu-Cortes*, 2025 WL 3171639, at *2 (quoting *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL2676082, at *13 (D. Nev. Sept. 17, 2025)) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings*

8

*v. Rodriguez*, 583, U.S. 281, 285 (2018), that § 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *See Soto*, 807 F. Supp. 3d at 407. This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning.[3] *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to noncitizens who are not seeking admission but are already present in the United States. *Jennings, 583 U.S. at 288-89*. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General may release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Pursuant to § 1226(a), "[i]mmigration authorities make an initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At their bond hearing, a noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); *see Kashranov*, 2025 WL 3188399, at *1.

On July 8, 2025, ICE and the Department of Justice announced a new practice, in which all applicants for admission, regardless of when the noncitizens were apprehended, are now subject to the mandatory detention provision of § 1225(b)(2)(A). Interim Guidance Regarding    Detention    Authority    for    Applicants    for    Admission,

---

[3] The Court acknowledges that the Fifth Circuit and Eighth Circuit recently issued decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) respectively, both holding that under the INA an "applicant for admission" is necessarily someone who is "seeking admission." However, *Buenrostro-Mendez* and *Avila* are not binding on the Court.

https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited June 4, 2026). On September 5, 2025, the BIA adopted the DOJs new position, holding that immigration judges have no authority to consider bond requests for any person who entered the United States without admission, finding all applicants for admission are subject to detention under § 1225(b)(2)(A) and are ineligible for release on bond. *Matter of Yajure Hurtado*, 29 I. &N. Dec. 216 (BIA 2025). Several district courts across the country, including courts in the Third Circuit, reject this new policy and the application of § 1225(b)(2)(A) to noncitizens who have been residing in the United States for a period of time before they are detained by ICE pending removal proceedings. *Cantu-Cortes*, 2025 WL 3171639, at *2 (finding that § 1226(a), not § 1225(b)(2)(A), is applicable to a petitioner who resided in the United States for approximately 25 years before ICE detained him); *Kashranov,* 2025 WL 3188399, at *1 (finding "mandatory detention only applies for aliens who are "seeking admission," and petitioner who lived in the United States for almost two years was not seeking admission but was "already here"); *Del Cid v. Bondi,* 2025 WL 2985150 at *14-17 (finding noncitizens who had been in the United States for over two years when arrested are subject to § 1226(a) not § 1225); *Soto,* 807 F. Supp. 3d at 408 (collecting cases).

Section 1226(a), not § 1225(b)(2)(A), applies to Lombardi-Torres's detention. Section 1225(b)(2)(A) does not apply to Lombardi-Torres's detention because Lombardi-Torres is not seeking admission into the United States. Section 1225(b)(2)(A) applies to noncitizens who are applicants for admission *and* are seeking admission to the United States. *See Martinez*, 792 F. Supp. 3d at 214, *see Kashranov,* 2025 WL 3188399, at *6; *see also* 807 F. Supp. 3d 397, at 400, 408 (collecting cases). Lombardi-Torres is not actively attempting to come into the

United States. Lombardi-Torres has lived in the United States since February 23, 2022. (Doc. 1, at 5). Based on the plain meaning of the phrase "seeking admission," Lombardi-Torres sought admission when he entered the United States on February 23, 2022. (Doc. 1, at 5); *see Kashranov*, 2025 WL 3188399, at *6 ("seeking admission describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization"). Instead, § 1226(a) applies to applicants for admission, like Lombardi-Torres, who are not actively seeking admission but who have been residing in the United States for an extended period. *See Kashranov,* 2025 WL 3188399, at *1 (finding "mandatory detention only applies for aliens who are "seeking admission," and petitioner who lived in the United States for almost two years was not seeking admission but "already here"); *see also Soto*, 807 F. Supp. 3d at 400, 408 (collecting cases). Further, Lombardi-Torres was arrested and detained pursuant to a warrant, in accordance with the provisions of § 1226(a). (Doc. 4, at 5; Doc. 4-4); *contrast* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States") *with* 8 U.S.C. § 1225(b)(2)(A) (containing no provisions for arrest and detention pursuant to a warrant). Accordingly, after the April 21, 2026 ICE arrest, Lowe improperly detained Lombardi-Torres under § 1225(b)(2)(A), when he should have detained Lombardi-Torres under § 1226(a).

    B.  <u>Lowe Violated Lombardi-Torres's Due Process Rights By Improperly Subjecting Lombardi-Torres to Mandatory Detention.</u>

Lowe's continued mandatory detention of Lombardi-Torres under § 1225(b)(2)(A) violates Lombardi-Torres's procedural due process rights. Lombardi-Torres avers that Lowe's

detention of him without any consideration of his risks of flight or danger is unrelated to the goal of immigration detention and violates the Due Process Clause of the Fifth Amendment. (Doc. 1, at 22). Lowe counters that Lombardi-Torres is only entitled to the due process afforded to applicants for admission by the INA. (Doc. 4, at 16). Lowe also avers that Lombardi-Torres has had ample available process in his current removal proceedings. (Doc. 4, at 44).

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). The *Mathews* balancing test weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the government's interest, including administrative burdens of additional procedures. *Mathews*, 424 U.S. at 334.

The first factor, private interest implicated by the government action, weighs heavily in Lombardi-Torres's favor because Lowe has deprived Lombardi-Torres of his physical liberty with improper detention without the possibility of bond under § 1225(b)(2)(A). (Doc. 7, at 5); *Hamdi v. Rumsfield*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by [the] government."); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment-from government custody, detention, or forms, of physical restraint-lies at the heart of the liberty [the Due Process

Clause] protects); *Soto*, 807 F. Supp. 3d at 409. The second factor, risk of erroneous deprivation and probable value of additional safeguards, also weighs heavily in Lombardi-Torres's favor because Lombardi-Torres remains erroneously detained without the possibility of release on bond pursuant to § 1225(b)(2)(A). *See Soto*, 807 F. Supp. 3d at 409 (citing *Barrios v. Shepley*, No. 1:25-cv-00406-JAW, 2025 WL 2772579, at *11 (D. Me. Sept. 29, 2025); *Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *10 (D.N.J. Sept. 26, 2025)) (finding the second *Mathews* factor weighs in petitioner's favor when subject to erroneous detention without a showing from the government that petitioner presented a public safety or flight risk); *see also Kashranov*, 2025 WL 3188399, at *5 (finding the lack of any individualized assessment creates a high risk of error). The third *Mathews* factor, the government's interest, also weighs in Lombardi-Torres's favor. Generally, the government's interest in detaining noncitizens is to ensure the appearance of noncitizens at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690; *Soto*, 807 F. Supp. 3d at 409-10. Here, Lombardi-Torres poses no such risk to the government's interest in detaining him. Lombardi-Torres has lived in the United States without issue for over four years. (Doc. 1, at 5). While in the United States, Lombardi-Torres's has worked, provided for his family, and complied with the requirements of his ISAP and removal proceedings. (Doc. 1, at 5-6). As each *Mathews* factor weighs in Lombardi-Torres's favor, Lowe's mandatory detention of Lombardi-Torres under § 1225(b)(2)(A) violates Lombardi-Torres's procedural due process rights. Accordingly, Lombardi-Torres's petition for writ of habeas corpus is **GRANTED**, and Lowe is **ORDERED** to release Lombardi-Torres from custody.[4]

---

[4] The Court notes that Lombardi-Torres also seeks relief in the form of attorney's fees and costs. (Doc. 1, at 24-25). The Court cannot award attorney's fees without first assessing affidavits and other evidence regarding the reasonableness of the fees sought. *See Toshiba Am.*

13

## V.    CONCLUSION§

For the foregoing reasons, Lombardi-Torres's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Lowe is **ORDERED** to immediately release Lombardi-Torres from custody. Lowe is barred from re-detaining Lombardi-Torres under § 1225(b)(2)(A) absent a material change in circumstances. Lombardi-Torres may move to reopen this matter if Lowe seeks to detain him under § 1226(a) and fails to schedule a timely bond hearing. Lowe is directed to return Lombardi-Torres's personal property, including identification and documents. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

BY THE COURT:

Dated: June 15, 2026                    /s/ Karoline Mehalchick
                                        **KAROLINE MEHALCHICK**
                                        **United States District Judge**

---

*Med. Sys., Inc. v. Valley Open MRI & Diagnostic Ctr. Inc.*, 674 F. App'x 130, 133 (3d Cir. 2016) (nonprecedential) (noting that the party seeking attorney's fees bears "the burden of producing evidence as to the reasonableness of the fees" and reversing a district court's grant of a request for fees based "solely [on] a declaration stating the amount claimed"); *see also Ohm Sys., Inc. v. Senergene Sols., LLC*, No. CV 23-1340, 2025 WL 2772612, at *2 (D.N.J. Sept. 29, 2025) (noting that a court cannot assess a request for attorney's fees without sufficient evidence regarding the reasonableness of the fees sought). Accordingly, Lombardi-Torres must request attorney's fees in a separate motion with accompanying exhibits.